## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **FRANK THOMAS SHUMATE** | * | |
| | * | |
| | * | |
| **Plaintiff,** | * | **CASE NO.: 1:23-cv-178** |
| | * | |
| v. | * | |
| | * | |
| **QBE SPECIALTY INSURANCE** | * | |
| **COMPANY** | * | |
| | * | |
| **Defendant.** | * | |

### NOTICE OF REMOVAL

To:   Mark G. Montiel, Jr.
      Montiel Hodge, LLC
      400 Poydras Street
      Suite 2325
      New Orleans, LA 70130

      Circuit Clerk of Baldwin County, Alabama
      312 Courthouse Square, Suite 10
      Bay Minette, Alabama 36507

**Formerly Baldwin County Circuit Court Case No. CV-2022-900969.00**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant QBE Specialty Insurance Company (hereinafter "QBE"), a North Dakota corporation with its principal place of business in New York, New York, gives notice of the removal of this case from the Circuit Court of Baldwin County, Alabama, to this Honorable Court, and as grounds therefore states the following:

1.   This lawsuit was originally filed on September 13, 2022, in the Circuit Court of Baldwin County, Alabama, and assigned case number CV-2022-900969.00. The Plaintiff named QBE as the sole named Defendant in the Complaint. *See Complaint.*

2. According to the records in the state court action, QBE's registered agent was served with a summons and the Complaint on April 21, 2023. The documents attached hereto as **Exhibit 1** constitute a copy of the process, pleadings, and orders filed in this action.

3. This Notice of Removal is being filed "within 30 days after receipt by the defendant[s] . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." 28 U.S.C. § 1446(b). Accordingly, this Notice has been filed within the time allowed by law. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a).

4. Pursuant to 28 U.S.C. § 1446(d), Defendant QBE has this day served a copy of this Notice on the Clerk of the Circuit Court of Baldwin County, Alabama, by filing it with that court's electronic filing system, which will provide notice to counsel for Plaintiff.

## DIVERSITY JURISDICTION

5. This removal is based on diversity jurisdiction. 28 U.S.C. § 1332.

6. To confer diversity jurisdiction, the amount in controversy between the parties must exceed the sum or value of $75,000 exclusive of interest and costs. 28 U.S.C. § 1332(a). Moreover, the action must be brought "between citizens of different States." 28 U.S.C. § 1332(a)(1).

7. In this lawsuit, there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Consequently, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and removal is proper under 28 U.S.C. § 1441(b). Removal to this Court is proper under 28 U.S.C. § 1441(a) as this is the district court of the United States for the district and division embracing Baldwin County, Alabama – the place where the action is pending.

### I. The Plaintiff is Completely Diverse from the Named Defendants.

8. According to Plaintiff's Complaint, the Plaintiff, Frank Thomas Shumate, is a citizen of the State of Florida. *Complaint*, ¶ 1.

9. Defendant QBE is a North Dakota corporation with its principal place of business in New York, New York.

10. Because the state of citizenship of QBE is completely diverse from Plaintiff's state of citizenship, complete diversity of citizenship exists in this case.

### II. The Amount in Controversy Exceeds $75,000.00.

11. This case arises out of dispute concerning damage caused to Plaintiff's property as a result of Hurricane Sally.

12. The Complaint asserts claims for "Breach of Contract," "Breach of Good Faith and Fair Dealing," and "Unjust Enrichment." Plaintiff alleges that QBE breached the insurance contract by "failure and refusal to pay the adequate compensation it is obligated to pay under the terms of the policy and under the laws of Alabama..." *Complaint*, ¶ 22.

13. Plaintiff alleges that QBE's estimate for the total repair cost of the covered storm damage was $97,599. *Complaint*, ¶ 11. Plaintiff's estimate for the repair costs of the covered damage totals $788,789.49. *Complaint*, ¶ 11.

14. The difference between Plaintiff's estimate ($788,789.49) and QBE's estimate ($72,599.00) is $716,190.49. This amount is in controversy. The total amount in controversy in this case clearly exceeds $75,000, exclusive of interest and costs.

15. Given the foregoing, this action is one over which this Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. §§ 1441, 1446, *et seq*.

Respectfully submitted,

*/s/ Joseph L. Cowan II*
JOSEPH L. COWAN II (COW006)
PAUL T. BECKMANN (BEC028)
Attorneys for Defendant QBE Specialty
Insurance Company

OF COUNSEL:

Hand Arendall Harrison Sale LLC
1801 5th Avenue North; Ste. 400
Birmingham, Alabama 35203
(205) 502-0158
jcowan@handfirm.com

Hand Arendall Harrison Sale LLC
P.O. Box 123
Mobile, Alabama 36601
(251) 432-5511
pbeckmann@handfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2023, I served the foregoing on counsel of record via United States mail, first-class postage prepaid as follows:

Mark G. Montiel, Jr.
Montiel Hodge, LLC
400 Poydras Street, Ste 2325
New Orleans, LA  70130


*/s/ Joseph L. Cowan II*
OF COUSNEL