IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **FRANK THOMAS SHUMATE** | * | |
| | * | |
| | * | |
| **Plaintiff,** | * | **CASE NO.: 1:23-cv-178** |
| | * | |
| v. | * | |
| | * | |
| **QBE SPECIALTY INSURANCE COMPANY** | * | |
| | * | |
| | * | |
| **Defendant.** | * | |

## ANSWER

Defendant QBE Specialty Insurance Company ("QBE") answers Plaintiff's Complaint and each count thereof, separately and severally, as follows:

1.      Upon information and belief, Defendant QBE admits that plaintiff is a resident of Sarasota, Florida. Defendant QBE admits that it issued a policy of insurance to plaintiff bearing Policy No. QSN12402-06.

2.      Admitted. QBE further avers that it has properly invoked the diversity jurisdiction of this Court.

3.      Admitted that a substantial part of the events giving rise to this lawsuit occurred in Baldwin County, Alabama.

4.      Defendant QBE admits that it issued a policy of insurance, namely Policy No. QSN12402-06 (the "Policy") to Frank Thomas Shumate insuring property located at 26858 Martinique Drive, Orange Beach, Alabama 36561. Defendant QBE avers that the terms and conditions of the policy govern the coverage available to the plaintiff for this property.

5. Defendant QBE admits that Hurricane Sally made landfall on September 16, 2020. All allegations contained in paragraph 5 not specifically admitted are denied.

6. Defendant QBE admits that Hurricane Sally made landfall on September 16, 2020. All allegations contained in paragraph 6 not specifically admitted are denied.

7. Defendant QBE admits that Hurricane Sally made landfall on September 16, 2020. All allegations contained in paragraph 7 not specifically admitted are denied.

8. Defendant QBE admits that plaintiff's property suffered damage as a result of Hurricane Sally. Defendant QBE further admits that the Policy was in force and effect at the time of Hurricane Sally. All allegations contained in paragraph 8 not specifically admitted are denied.

9. Defendant QBE lacks sufficient knowledge or information to either admit or deny these allegations; therefore, defendant QBE denies said allegations and demands strict proof thereof.

10. Defendant QBE admits that plaintiff notified QBE of a loss to the property and later advised of the involvement of Cat 5 Restoration, LLC as a vendor. All allegations contained in paragraph 10 not specifically admitted are denied.

11. Defendant QBE admits that it inspected the property and tendered an initial payment in the amount of $19,036.32. QBE further admits that it reinspected the property at plaintiff's request and in response to additional information provided QBE tendered an additional amount of $34,084.23 on December 22, 2021. QBE admits that the plaintiff then submitted a second estimate from Rubics Consulting. QBE admits that the receipt of this additional information and subsequent inspection resulted in an additional tender of $19,478.45 on August 25, 2022. All allegations contained in paragraph 11 not specifically admitted are denied.

12. Defendant QBE admits that it has paid a total of $72,599.03 to plaintiff for this claim. All allegations contained in paragraph 12 not specifically admitted are denied.

13. Defendant QBE admits that it has paid a total of $72,599.03 to plaintiff for this claim. All allegations contained in paragraph 13 not specifically admitted are denied.

14. Defendant QBE admits that plaintiff has provided estimates to QBE but denies that those estimates accurately reflect the damages to the property covered under the Policy. All allegations contained in paragraph 14 not specifically admitted are denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

## COUNT ONE
## BREACH OF CONTRACT

20. Defendant QBE reasserts its responses to paragraphs 1 through 19 above as if fully set forth herein.

21. Defendant QBE admits it issued a policy to the plaintiff and that the plaintiff's property received damage from Hurricane Sally. All allegations contained in paragraph 21 not specifically admitted are denied.

22. Denied.

23. Denied.

## COUNT TWO
## BREACH OF GOOD FAITH AND FAIR DEALING

24. Defendant QBE reasserts its responses to paragraphs 1 through 23 above as if fully set forth herein.

25. Denied.

26. Denied.

27. Denied.

28. The allegation in paragraph 28 of the complaint makes a statement of law which does not require a response from defendant QBE.

29. Denied.

## COUNT TWO
## UNJUST ENRICHMENT

30. Defendant QBE reasserts its responses to paragraphs 1 through 29 above as if fully set forth herein.

31. The allegation in paragraph 31 of the complaint makes a statement of law which does not require a response from defendant QBE.

32. Defendant QBE admits that it issued a policy of insurance to plaintiff, namely Policy No. QSN12402-06 (the "Policy") to Frank Thomas Shumate insuring property located at 26858 Martinique Drive, Orange Beach, Alabama 36561. Defendant QBE avers that the terms and conditions of the policy govern the coverage available to the plaintiff for this property.Denied.

33. Denied.

34. Denied.

35. Denied.

36. QBE denies that it has been unjustly enriched.

4

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

QBE alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

QBE denies each and every material allegation of the Complaint not herein admitted and demands strict proof thereof.

### THIRD DEFENSE

QBE affirmatively avers that if a relevant policy of insurance was afforded herein by it for or on behalf of Plaintiff, said policy is the best evidence of its contents and is pled herein as though copied herein in its entirety. Defendant QBE specifically denies any allegations which tend to contradict, contravene, or enlarge upon the terms, conditions, exclusions or limitations of said policy

### FOURTH DEFENSE

QBE pleads all applicable statute of limitations.

### FIFTH DEFENSE

QBE pleads all conditions precedent, conditions subsequent, exclusions, and limitations set forth in the policy and coverage as a defense to the Plaintiff's claim, including, but not limited to, Plaintiff's failure to provide timely notice of a claim and failure to provide a proof of loss and other documentation upon request of QBE.

### SIXTH DEFENSE

QBE denies that it failed to properly adjust any claims filed by Plaintiff and demands strict proof thereof.

**SEVENTH DEFENSE**

QBE denies that it improperly paid or refused to pay any claims filed by Plaintiff and demands strict proof thereof.

**EIGHTH DEFENSE**

QBE denies that it failed to perform its contractual duty under the terms of the policy and demands strict proof thereof.

**NINTH DEFENSE**

QBE denies that it failed or refused to tender those benefits due and owing under the contract of insurance regarding any claims filed by Plaintiff and demands strict proof thereof.

**TENTH DEFENSE**

QBE denies that it breached the contract of insurance as alleged and demands strict proof thereof.

**ELEVENTH DEFENSE**

QBE denies the allegation that Plaintiff's claims were denied and demands strict proof thereof.

**TWELFTH DEFENSE**

QBE denies that it acted willfully, fraudulently, intentionally, and in bad faith as alleged in Plaintiffs' Complaint and demands strict proof thereof.

**THIRTEENTH DEFENSE**

QBE denies that Plaintiff was injured to the nature and extent claimed and contests damages.

**FOURTEENTH DEFENSE**

QBE denies that Plaintiff has been damaged.

**FIFTEENTH DEFENSE**

QBE avers there was no absence of a legitimate or arguable reason for the denial of benefits claimed under the policy by Plaintiff. There was a lawful basis for the decision and no entity intentionally failed to determine whether a lawful basis for its decision existed. QBE conducted a reasonable and appropriate investigation of Plaintiff's claim.

**SIXTEENTH DEFENSE**

QBE avers that there was no intentional failure to determine whether there was any lawful basis for refusal to pay any portion of benefits, and further Defendant QBE is unaware of a conscious doing of any wrong in the adjustment of Plaintiff's claims made the basis of this lawsuit.

**SEVENTEENTH DEFENSE**

QBE avers that Plaintiff has failed to mitigate damages.

**EIGHTEENTH DEFENSE**

QBE pleads accord and satisfaction, release, setoff, unclean hands, wavier, and estoppel.

**NINETEENTH DEFENSE**

QBE denies that it is guilty of any conduct which would entitle Plaintiff to recover punitive damages.

**TWENTIETH DEFENSE**

QBE denies Plaintiff is entitled to any damages premised on mental anguish or emotional distress.

**TWENTY-FIRST DEFENSE**

Defendant QBE avers that any award of punitive damages and/or damages premised on mental anguish or emotional distress to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant QBE under the Constitution of the State of Alabama.

**TWENTY-SECOND DEFENSE**

Defendant QBE avers that any award of punitive damages and/or damages premised on mental anguish or emotional distress to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant QBE under the Constitution of the United States of America.

**TWENTY-THIRD DEFENSE**

Defendant QBE affirmatively avers that any award of punitive damages and/or damages premised on mental anguish or emotional distress to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant QBE under the due process clauses of the Alabama Constitution and the Fourteenth Amendment to the Constitution of the United States.

**TWENTY-FOURTH DEFENSE**

Defendant QBE avers that any award of punitive damages and/or damages premised on mental anguish or emotional distress to Plaintiff in this case will be violative of the procedural safeguards provided to Defendant QBE under the Sixth Amendment to the Constitution of the United States.

**TWENTY-FIFTH DEFENSE**

Plaintiff's claim of punitive damages and damages premised on mental anguish or emotional distress violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States on the following grounds:

a. It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose damages which are penal in nature, against a civil Defendant QBE upon the Plaintiffs' satisfying a burden of proof which is less than "beyond a reasonable doubt" burden of proof required in criminal cases;

b. The procedures pursuant to which punitive damages and/or damages premised on mental anguish or emotional distress are awarded may result in an award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringe upon the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution;

c. The procedures pursuant to which punitive damages and/or damages premised on mental anguish or emotional distress are awarded fail to provide a reasonable limit on the amount of the award against a defendant, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution;

d. The procedures pursuant to which punitive damages and/or damages premised on mental anguish or emotional distress are awarded fail to provide specific standards for the amount of the award of damages premised on mental anguish or emotional distress which thereby violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

e. The procedures pursuant to which punitive damages and/or damages premised on mental anguish or emotional distress are awarded result in the imposition of the same penalty for different or dissimilar acts and, thus, violate the equal protection clause of the Fourteenth Amendment of the United States Constitution;

f. The procedures pursuant to which punitive damages and/or damages premised on mental anguish or emotional distress permit the imposition of damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringe upon the due process clause of the Fifth and Fourteenth Amendments and the equal protection clause of the Fourteenth Amendment of the United States Constitution.

## TWENTY-SIXTH DEFENSE

Plaintiff's claim of punitive damages and/or damages premised on mental anguish or emotional distress violates the due process clause of Article 1, § 6 of the Constitution of Alabama for the same grounds as stated above.

## TWENTY-SEVENTH DEFENSE

Any award of punitive damages and/or damages premised on mental anguish or emotional distress to Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

## TWENTY-EIGHTH DEFENSE

Any award or punitive damages and/or damages premised on mental anguish or emotional distress against Defendant QBE in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article 1, § 22 of the Constitution of Alabama.

## TWENTY-NINTH DEFENSE

Any award of punitive damages in this case would be in violation of the constitutional safeguards provided to QBE under the Constitution of Alabama and the Constitution of the United States.

## THIRTIETH DEFENSE

Each claim for punitive damages, on its face and/or as applied in this case, is in violation of the Fifth Amendment of the Constitution of the United States; of the right to counsel provided by the Sixth Amendment of the Constitution of the United States; of the right to trial by jury of the Seventh Amendment of the Constitution of the United States; of the proportionality principles contained in the Eighth Amendment of the Constitution of the United States; the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States; and Article 1,

Sections 1, 6, 9, 11, 13, 15, and 35 of the <u>Constitution of Alabama</u>, and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately:

    a.    The standards provided by Alabama law for the imposition of punitive damages are insufficiently specific, and therefore, defendants have not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of an award and to modify or conform their conduct accordingly;

    b.    The procedures to be followed permit an award of punitive damages upon the satisfaction of a burden of persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability;

    c.    The procedures to be followed permit the award of multiple punitive damages for the same act or omission;

    d.    There are insufficient provisions or standards for clear and consistent appellate review of any award of punitive damages under present Alabama law;

    e.    The standards of conduct upon which punitive damages are sought are vague and ambiguous;

    f.    The procedures used by Alabama courts and the guidelines given to the jurors, jointly and separately, are vague and ambiguous;

    g.    The procedures used by Alabama courts and guidelines given to jurors, jointly and separately, are vague and ambiguous and, thus, impermissibly allow jurors broad, unlimited, and undefined power to make determinations based on their notions of what the law should be instead of what it is;

h. The procedures under which punitive damages are awarded and instructions used in Alabama courts, jointly and separately, are vague and ambiguous and, thus, fail to eliminate the effects of, and to guard against, impermissible juror passion;

i. Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

j. Present Alabama law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages;

k. Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damages awarded by a jury;

l. The present Alabama procedures fail to provide a constitutional and reasonable limit on the amount of any punitive award against a defendant;

m. The present Alabama procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts or degrees of wrongdoing or culpability;

n. An award of punitive damages provides compensation for elements of damage not otherwise recognized by Alabama law.

o. Present Alabama procedures permit awards of punitive damages that constitute excessive fines.

p. An award of punitive damages in this case would permit punishment other than by virtue of a law established and promulgated prior to the alleged offense in this case.

q. The present Alabama procedures fail to require any rational, objective or logical relationship between either the award of or the amount of punitive damages awarded and the alleged conduct of the defendants or the compensatory damages awarded to the plaintiff, if any.

## THIRTY-FIRST DEFENSE

The imposition of punitive damages deprives QBE of the right to equal protection under the laws provided in the Fifth and Fourteenth Amendments of the Constitution of the United States and in Article 1, Sections 1 and 6, of the Constitution of Alabama of 1901 for the following reasons, jointly and separately:

a. Punitive damages are sought in excess of the respective maximums established by the Alabama Legislature in §§ 13A-5-11 and 13A-5-12, Code of Alabama, jointly and separately, whereas those charged under the Criminal Code for similar or identical culpability have the benefit of the cited code provisions;

b. The procedures to be followed permit the awarding of punitive damages upon the satisfaction of a burden of persuasion (standard of proof) less than the applicable standard in criminal cases for criminal sanctions involving similar or identical levels of culpability;

c. The absence of sufficiently specific and objective standards for the imposition of punitive damages fails to ensure the equality of treatment between and among similarly situated civil defendants;

d. Punitive damages are penal in nature, and defendants, without procedural protections, are compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination whereas persons charged under

13

criminal provisions for acts or omissions of similar culpability are protected from being compelled to disclose documents and/or other evidence by constitutional procedures and safeguards available in criminal cases.

### THIRTY-SECOND DEFENSE

The punitive damages sought are in excess of comparable maximums established for criminal fines by the Alabama Legislature in §§13A-5-11 and 13A-5-12, Code of Alabama, jointly and separately.

### THIRTY-THIRD DEFENSE

The assessment and adjudication against a defendant of any punitive damages other than those measured according to its sole, individual conduct would be improper and impermissible.

### THIRTY-FOURTH DEFENSE

The imposition of punitive damages in this case is unconstitutional under the due process clause of the Fourteenth Amendment of the Constitution of the United States for the following reasons, jointly and severally:

    a.    The punitive damages sought in this case are vastly disproportionate to the actual damages allegedly sustained by the Plaintiffs;

    b.    The imposition of punitive damages in this case constitutes an arbitrary and capricious taking of the property of QBE with no rationally stated purpose; and

    c.    Allowing a jury to award punitive damages with unfettered discretion is inconsistent with due process.

### THIRTY-FIFTH DEFENSE

The imposition of punitive damages in this case is unconstitutional under the Fifth and Fourteenth Amendments of the Constitution of the United States and Article 1, Sections 5 and 6

of the Constitution of Alabama because punitive damages are penal in nature, and Defendants are compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination.

### THIRTY-SIXTH DEFENSE

Present Alabama punitive damages procedures allow the jury to punish defendants for conduct occurring outside of the state constituting unlawful state regulation of Interstate Commerce and violation of the Interstate Commerce Clause of the Constitution of the United States.

### THIRTY-SEVENTH DEFENSE

Plaintiffs' claim for punitive damages are barred to the extent that they seek the admission into evidence of any of QBE's financial worth in determining the amount of punitive damages to be awarded because punitive damages are a form of punishment grounded in defendants' status rather than specific misconduct and, thus, have the effect of treating classes of citizens unequally in violation of the equal protection clause of the Fifth and Fourteenth Amendments of the Constitution of the United States and Article I, Sections 1, 6, 13 and 22 of the Constitution of Alabama.

### THIRTY-EIGHTH DEFENSE

The imposition of punitive damages in this case is unconstitutional under the due process clause of the Fourteenth Amendment of the Constitution of the United States because the standards for such damages are vague and ambiguous and are not rationally related to any legitimate government interest.

### THIRTY-NINTH DEFENSE

The imposition of punitive damages in this case is an unconstitutional deprivation of

property without the due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and Article 1, Section 6 of the Constitution of Alabama.

### FORTIETH DEFENSE

Any award of punitive damages to the Plaintiffs in this case would be in violation of Article 1, Section 10, Clause 1 of the Constitution of the United States and Article 1, Section 22 of the Constitution of Alabama prohibiting laws which impair the obligation of contracts.

### FORTY-FIRST DEFENSE

The imposition of punitive damages in this case violates the double jeopardy clause of the Fifth Amendment of the Constitution of the United States as incorporated into the Fourteenth Amendment of the Constitution of the United States.

### FORTY-SECOND DEFENSE

Any award of punitive damages cannot exceed the maximum award allowed pursuant to Alabama Code §6-11-21.

### FORTY-THIRD DEFENSE

Plaintiffs cannot recover for mental pain and suffering, emotional distress, or similar damages, if any, in that there is no fixed, objective and/or clear and consistent standard under Alabama law for ascertaining the amount thereof, such that any award of said damages against any defendant would violate the Fifth and Fourteenth Amendments to the Constitution of the United States and Article I, Section VI of the Constitution of Alabama, which prohibit deprivation of life, liberty, or property, except by due process.

### FORTY-FOURTH DEFENSE

Defendant QBE reserves the right to assert additional defenses that may become available.

Respectfully submitted,

*/s/ Paul T. Beckmann*
JOSEPH L. COWAN II (COW006)
PAUL T. BECKMANN (BEC028)
Attorneys for Defendant QBE Specialty
Insurance Company

OF COUNSEL:

Hand Arendall Harrison Sale LLC
1801 5th Avenue North; Ste. 400
Birmingham, Alabama 35203
(205) 502-0158
jcowan@handfirm.com

Hand Arendall Harrison Sale LLC
P.O. Box 123
Mobile, Alabama 36601
(251) 432-5511
pbeckmann@handfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2023, I served the foregoing on counsel of record via United States mail, first-class postage prepaid as follows:

Mark G. Montiel, Jr.
Montiel Hodge, LLC
400 Poydras Street, Ste 2325
New Orleans, LA  70130

*/s/ Paul T. Beckmann*
OF COUSNEL